# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**LARRY WALKER, #122936**                                                     **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 4:10cv111-LRA**

**EAST MISSISSIPPI CORRECTIONAL FACILITY, ET AL**          **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This cause is before the Court on the Motion for Summary Judgment filed by Defendants The GEO Group, Inc., Robert Grubbs, Doris Smith, and Bart Grimes [32] on May 10, 2013. Plaintiff Larry Walker filed a response [34] to the motion on May 29, 2013. The Court has considered the pleadings in this case and the applicable law and finds that the motion is meritorious and should be granted on the basis that Plaintiff failed to exhaust all of his specific claims set forth in the Complaint prior to filing this suit.

In the instant case, Defendants allege that Plaintiff only exhausted one claim contained in his Complaint, i.e., his request to be transferred to another facility. As to the remainder of his claims--that he was injured by other inmates because these Defendants failed to protect him-- Plaintiff failed to complete the administrative review process before filing suit.

The Court has reviewed the complaint filed by Plaintiff with the Administrative Remedy Program at East Mississippi Correctional Facility [EMCF], ARP #EMCF-09-1338, along with the Affidavit certifying the file from Janie Birdtail, the ARP administrator at EMCF. This ARP was filed September 16, 2009, and states as follows:

> I been putting transfers in for 2 months now, and not getting anything done. Well my life is in danger at E.M.C.F. I have scrolls shot all over this facility, with a K.O.S. hit out on me. K.O.S. means kill on sight. I took them I don't care what facility, just get me away from this one before these guys take my life for something could have been prevented.
>
> Relief Requested: I Larry Walker, #122936 just ask to be moved from this facility. And I ask to be transferred away from here A.S.A.P.

The responses from the ARP were that "transfers were awarded based on the needs of MDOC." Further, the First Step response indicated that Plaintiff met with his treatment team regarding his concerns about threats, and that he was to be rehoused on a different housing unit as a result.

Nowhere in this ARP does Plaintiff claim that he had been harmed from an assault by another inmate or that any member of the EMCF staff, or any Defendant, failed to protect him. The only claim set forth in the ARP is that Plaintiff requested a transfer because of his fears.

The record reflects that Plaintiff was, in fact, transferred to another MDOC facility in Woodville, Mississippi, at a later time. Hence, the relief requested in the one exhausted claim is now moot. Plaintiff's other claims, that he was jumped on numerous times, and received a busted chin and hurt eye--- because these Defendants failed to protect him--- were not fully exhausted prior to the filing of this lawsuit. Although Plaintiff contends that he did set forth these claims in his ARP, the record does not reflect it.

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." The Court did find that the failure to exhaust was an affirmative defense and prisoners were not required to plead exhaustion in the Complaint. *Id.*

3

However, a case is still subject to dismissal where exhaustion is not plead.  *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The PLRA governs all of Walker's claims.  Accordingly, Plaintiff is required to complete the ARP in its entirety before he is able to file suit under § 1983. The requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program.  *Alexander v. Tippah County, MS*, 351 F.3d 626, 630 (5th Cir. 2003).  It is not for this Court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness."  *Booth*, 532 U.S. at 740 n. 5.  Plaintiff's opinion that the ARP process was ineffective in his case is insufficient to overcome Supreme Court precedent mandating exhaustion of remedies available under the ARP.

The Fifth Circuit has recently confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement."  *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).  In an earlier case, the Fifth Circuit had held that "a non-jurisdictional exhaustion requirement may, in certain rare instances, be excused."  *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).  The Court in *Gonzalez* discussed the Supreme Court decisions in *Jones v. Bock* and *Woodford v. Ngo*, finding that the ruling in *Underwood* was no longer valid. Specifically, the Court found:

4

> After *Woodford* and *Jones*, there can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory. We thus hold that *Underwood* has been tacitly overruled and is no longer good law to the extent it permits prisoner lawsuits challenging prison conditions to proceed in the absence of pre-filing administrative exhaustion. District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788.

In this case, Walker did not exhaust his administrative remedies regarding all of the claims set forth in his Complaint, and the Court has no choice but to dismiss his claims. The only exhausted claim is his request for a transfer, and this is not a constitutional issue. The United States Constitution does not recognize a protectable liberty or property interest in the custodial classifications of inmates. *Harper v. Shows*, 174 F.3d 716, 719 (5th Cir. 1999). Furthermore, Plaintiff was transferred to another unit at EMCF, and then to another MDOC facility at Woodville, Mississippi, after he filed his Complaint. Therefore, the only claim that he did exhaust by through his administrative remedies is now moot.

For these reasons, the Court finds that Defendants' Motion for Summary Judgment [32] should be **granted** and Plaintiff's Complaint shall be dismissed without prejudice as to the unexhausted claims and with prejudice as to the exhausted claim.

IT IS THEREFORE ORDERED that the Complaint is dismissed, and  Final Judgment in favor of all Defendants shall be entered on this date.

SO ORDERED this the 11th day of September 2013.


/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE